**Maria GREEN, administrator of the estate of Joseph Jones, Jr. (a/k/a Rosco Simmons), and next of kin of Joseph Jones, Jr., Plaintiff-Appellee,**

v.

**Norman CARLSON, Robert L. Brutsche, and Benjamin De Garcia, Defendants-Appellants.**

No. 86–2096.

United States Court of Appeals, Seventh Circuit.

Submitted March 9, 1987.

Decided March 20, 1987.

Ronald E. Elberger, Bose, McKinney & Evans, John F. Joyce, Michael A. Bergin, Locke Reynolds Boyd & Weisell, Richard M. Knoth, Andrew W. Hull, Bose, McKinney & Evans, Indianapolis, Ind., for defendants-appellants.

Jessie A. Cook, Trueblood, Harmon, Carter & Cook, Terre Haute, Ind., Michael E. Deutsch, Peoples Law Office, G. Flint Taylor, Jr., Chicago, Ill., for plaintiff-appellee.

Gerald H. McGlone, Gerald H. McGlone Law Offices, Brad Bough, Terre Haute, Ind., Amicus Curiae.

Before CUMMINGS, CUDAHY, and POSNER, Circuit Judges.

PER CURIAM.

The appellee has requested our permission to file a brief in excess of 50 pages. See Fed.R.App.P. 28(g). The request states in its entirety: "since Defendants[-appellants] have filed a 65 page brief, Appellee respectfully requests that she be permitted to file a 65 page brief in response." The request is DENIED.

We write to clear up the prevalent misconception that if an appellant is granted permission to file a brief in excess of 50 pages, the appellee is entitled to file a brief of equal length. This is not correct. The appellee has the benefit of a favorable decision, and also is not required to include a statement of facts. Hence there is no presumption that he requires the same en-

largement of the page limitation as the appellant—or any enlargement.

Requests to file oversized briefs "are not favored, ... and will be granted only when exceptional circumstances are shown." Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit 47 (1986 ed.). A "me too" request such as filed in this case, with no grounds offered except the length of the opponent's brief, will be denied.